MISSOURI PACIFIC RAILROAD COMPANY *v.* KELLOGG.

Opinion delivered June 2, 1924.

1. MASTER AND SERVANT—TORTS OF SERVANT.—A master is liable for the torts of his employees, if committed in the prosecution of the master's business.

2. DAMAGES—HUMILIATION—INSTRUCTION.—In an action against a railroad company for assault and battery of a passenger by an employee, in which plaintiffs were asking for damages for injured feelings, it was proper for defendant to introduce evidence that plaintiffs were drug addicts, as such testimony tended to show that the acts complained of would not humiliate their feelings, and an instruction limiting such evidence to impeachment of the plaintiffs as witnesses was erroneous.

Appeal from Greene Circuit Court; *W. W. Bandy,* Judge; reversed.

*Thomas B. Pryor* and *Gordon Frierson,* for appellant.

Instruction No. 4, given by the court of its own motion, was erroneous. The liability of a master for a tort committed by an employee depends not upon whether it was committed during the existence of the servant's employment, but whether or not it was committed in the prosecution of the master's business. 148 Ark. 227; 75 Ark. 579; 146 Ark. 104; 152 Ark. 335. Instruction No. 10

given was error, and it was likewise error to refuse an instruction requested by appellant to the effect that the character of the appellees might be considered as affecting the question of damages by way of humiliation and mental suffering.   The following authorities sustain appellant's contention that such an instruction as it requested was proper:   22 C. J. p. 417, § 563; R. C. L, vol. 10, p. 947, § 117.

*J. M. Futrell* and *Jeff Bratton,* for appellee.

A common carrier is liable to a passenger for insult and injury inflicted by its employees.   67 Ark. 402; 82 Ark. 289; 121 U. S. 637; 99 Ark. 235.   The actions and apparent duty of the one designated as an employee were such as to mark him as one.   48 Ark. 180.

HUMPHREYS, J.   Appellees instituted separate suits against appellant in the circuit court of Clay County, Western District, to recover damages in the sum of $3,000 each for mistreatment alleged to have been received by them at its depot in Knobel, after purchasing tickets and while waiting for their train.   As amended, each complaint set up two grounds as a basis for recovery; first, mistreatment received at the hands of a freight hustler employed around the depot; and second, a failure on the part of appellant to protect appellees, while waiting at the depot for their train, from mistreatment at the hand of third parties.   The complaint of W. E. Kellogg, as amended, alleged that said employee, in company with divers other persons unknown to him, used violent, abusive and insulting language to him, assaulted and forced him to leave the depot at Knobel and walk, in the night time, to Stonewall to take the train; that appellant's station agent was informed of the mistreatment being administered to him, but refused to protect him.   The complaint of Irene Kellogg contained the same allegations, except she did not charge therein that the parties assaulted her.

Appellant filed an answer to each complaint, denying the material allegations contained therein.

The causes were tried together upon the pleadings, the testimony introduced by the respective parties, and the instructions of the court, which resulted in separate verdicts and judgments in favor of appellees, from which is this appeal.

The testimony introduced by appellees was, in substance, to the effect that, on the night of January 28, 1923, appellees bought tickets from appellant's station agent at Knobel, entitling them to transportation to Paragould, and, while waiting at the depot for their train, a freight hustler around the depot, who was an employee of appellant, in company with others, who were not employees of appellant, called W. E. Kellogg out of the waiting room, and, after abusing and beating him, forced him and his wife to walk to Stonewall; that said parties used violent, abusive and insulting language to Irene Kellogg; that, when they called W. E. Kellogg out onto the platform and began to abuse and beat him, Irene Kellogg asked the station agent to protect them, which request was refused. Appellees admitted they were dope fiends, and that they had been frequently arrested, excluded from Memphis, and notified by officers to leave other towns.

The testimony introduced by appellant was, in substance, to the effect that its freight hustler offered no indignities to appellees; that he had not participated in the abuses and assault, and that the station agent knew nothing of the indignities offered or the assault made upon them; that Irene Kellogg had not called upon him to protect her and her husband; that the freight hustler had nothing to do with preserving order in and around the depot; that his only duties were to pump water, handle baggage and shovel coal.

Appellant contends for a reversal of the judgments upon the ground that the court erred in giving instruction No. 4, which is as follows: "Now, the duty that the defendant railway company owes the passenger for protection against certain employees of the company itself is of a different nature. The railroad company owes

the passenger the duty, so far as employees are concerned, the absolute protection against any wilful or wanton assault or abuse on the part of an employee, if that employee is in the performance of the business of the company, and the performance of that business and the duties that go with it bring him or may bring him in contact with passengers in their depot or on the premises about the depot or the platform. And you are instructed that, if you find from the proof in this case, by a preponderance of the evidence, that these plaintiffs were abused or assaulted or mistreated by any employee of the defendant railway company, and that, at the time of the assault, if you find there was an assault or mistreatment, if you find there was any, that the employee was engaged in the business of the company and was acting in carrying out the duties of his employment, and in doing that he came in contact, or might have come in contact with these passengers or any other passenger, if his duties were such as to bring him in contact with passengers at any time or anywhere, not only these passengers but any other passengers, and any employee of that nature made a wilful assault or wilfully or wantonly abused these plaintiffs, then your verdict should be for the plaintiff.''

The testimony introduced by appellees tended to show that a freight hustler employed around the depot to pump water, shovel coal and handle baggage, participated in the abuses and assault. There was no evidence introduced by appellees tending to show that any employee of the appellant abused or assaulted appellees when in the line of his duty, actual or apparent, and growing out of the business he was transacting for appellant. The law is that a master is liable for the torts of his employees if committed in the prosecution of the master's business. *St. L. I. M. & S. R. Co.* v. *Grant,* 75 Ark. 579; *Wells Fargo & Co. Express* v. *Alexander,* 146 Ark. 104; *American Ry. Exp. Co.* v. *Mackley,* 148 Ark. 227; *Mo. Pac. Rd. Co.* v. *Gregory,* 152 Ark. 335. The rule of law announced in the cases cited was incorrectly stated by the court in said instruction, and, if it had been cor-

rectly stated, the instruction would have been abstract, as there was no evidence tending to show that the acts complained of were committed by the freight hustler in the prosecution of appellant's business.

Appellant also contends that instruction No. 10, given by the court, was erroneous and prejudicial. It is as follows:

"Now there has been testimony introduced here in regard to the character of these plaintiffs. That evidence is introduced, gentlemen, for the purpose, and the only purpose it could be introduced for, was in the way of impeachment of these witnesses, these plaintiffs as witnesses, but the court tells you that, whatever their character may have been, whether good or bad, they were entitled, after they became passengers, to proper treatment by the defendant railway company. I mean to tell you, gentlemen, that they would owe these plaintiffs the same duty and the same care they would owe any other passenger."

The damages claimed by appellees embraced injury to their feelings, and it was proper for appellant to introduce testimony tending to show that the acts complained of would not humiliate them. The instruction was erroneous in limiting the testimony as to their characters to purposes of impeachment only.

On account of the errors indicated the judgments are reversed, and the causes are remanded for a new trial.